## WOODS v
## OHIO STATE LIFE INSURANCE CO

Ohio Appeals, 6th Dist, Lucas Co

No 2765. Decided May 22, 1933

E. Donald DeMuth, Toledo, for plaintiff in error.

Denman, Miller & Beatty, Toledo, Brandon G. Schnorf, Toledo, and C. L. Peterson, for defendant in error.

BY THE COURT

This is an action to recover upon a $1500.00 life insurance policy upon the life of Loren B. Woods, husband of plaintiff. Upon trial the court directed a verdict for the defendant and the plaintiff below prosecutes this proceeding in error as plaintiff in error.

The contentions made by counsel for plaintiff in error are that the court erred in directing a verdict for two reasons.

First, it is claimed that the evidence adduced is such that the question whether or not misrepresentations which would invalidate the policy were made by the insured in his application to reinstate the policy.

Second, it is contended that the cause should have been submitted to the jury upon the question of whether there was an acceptance of the payment of the balance due on the note by the insurance company which waived the right of cancellation by the insurance company so that no application for reinstatement was necessary.

Upon the first question made, this court is of the opinion that the undisputed evidence shows that, at the time the application for reinstatement was made, the insured had been consulting a doctor about his (insured's) physical condition, which was to his knowledge serious, and that, when he answered the question stating that he had not consulted a physician since the original policy was taken out, the answer was false to his knowledge and the misrepresentation wilful and material. In this connection the case of **Insurance Co. v Luzio, 123 Oh St, 616,** is instructive.

As to the second question made, we are satisfied that as a matter of law there was no waiver of non-payment of premium and that the insured was in default in payment of premium at the time the insurance policy was reinstated upon the application of the insured and that the company had taken such steps as were necessary to preserve its rights under the terms of the policy and the provisions in the note given in partial payment of premium. The case of **Mutual Life Insurance Co. v French, 30 Oh St, 240,** relied upon by plaintiff in error, involved facts which are essentially different than those in the case at bar.

In our judgment there was no error in the ruling of the court below in directing a verdict, and the judgment will be affirmed.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.